UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS STRUTTON,           )
                           )
        Plaintiff(s),      )
                           )
    vs.                    )    No. 4:04CV1735 (CEJ)
                           )
LISA HELMS,                )
                           )
        Defendant.         )

### MEMORANDUM AND ORDER

Before the Court is plaintiff's *pro se* motion for summary judgment. Defendant opposes the motion. Plaintiff has not replied and the time allowed for doing so has expired.

**I. Background**

Plaintiff brings this 42 U.S.C. § 1983 action, claiming denial of his right to due process. Plaintiff is a resident at the Missouri Sexual Offender Treatment Center. Defendant is employed at the facility. The defendant issued a violation report against the plaintiff and sanctioned him on November 14, 2004, without a hearing. The plaintiff asserts that this action denied him due process.

**II. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for

summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 317, 322 (1986).

**III. Discussion**

In his motion for summary judgment, which lacks a statement of uncontroverted facts, plaintiff argues that defendant, in her answer, admitted to giving the plaintiff a violation without due process. However, defendant admitted to issuing plaintiff a violation without a hearing, not to denying plaintiff his due process rights. Defendant argues that the fact that a violation was given without a hearing does not automatically mean that plaintiff was denied his due process rights.

Plaintiff's motion is based on the premise that defendant admitted to denying his due process rights. However, defendant made no such admission. Therefore, plaintiff has failed to meet his burden of proving that no genuine issues of material fact exist. He is not entitled to judgment as a matter of law. This Court will deny plaintiff's summary judgment motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's *pro se* motion for summary judgment [#17] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT


Dated this 19th day of October, 2005.